Bergan, J.
If the development of the rule extending the requirement for corroboration in cases of rape to other crimes be followed closely, it will be seen the extension has been directed in each case to crimes intrinsically related to rape or committed in aid of effecting rape.
Robbery is not such a crime. It is in legal theory and in fact unrelated to rape; and if a woman is robbed while she is also raped, a testimonial disability ought not be added to a physical indignity.
If a man is robbed, his testimony is good enough if it is believed; there is no juridically sound reason why a woman who is robbed must bring to court additional credentials of credibility.
In this present case the jury could find the defendant deliberately took property in consequence of force and fear from the person of the complainant while in the act of raping her. The larceny charge, resulting from the robbery, is in the same situation. Unlike the crime of assault, which to greater or lesser degree is a part of every forcible rape, there is no necessary interdependence between these two entirely distinct crimes (People v. Florio, 301 N. Y. 46). The decision in People v. Levy (15 N Y 2d 159) does not affect this aspect of the Florio decision.
Decisions beginning with People v. Lo Verde (7 N Y 2d 114) which have extended the need for corroboration for crimes other than rape itself will be seen on analysis to be either sexual offenses, as in Lo Verde itself (endangering the health or morals of complainant), or assaults designed to help commit the rape (People v. English, 16 N Y 2d 719).
*568 In People v. Radunovic (21 N Y 2d 186) and cases decided with it, assault charges were based on acts each interdependent upon the rape itself. Whatever rationality there may be in extending the need for corroboration for such assaults, it does not extend to the quite different crime of robbery unless we are willing to place women as witnesses in an unjustifiable position of disadvantage.
The case now here is quite similar in legal principle to People v. Lennon (22 N Y 2d 677). There, the same uncorroborated testimony of the woman which showed a rape also showed a robbery and conviction for that crime was upheld although the additional charge of assault was dismissed. The decision in People v. Jenkins (22 N Y 2d 675) was based on a similar record.
The distinction urged here, that need for corroboration be made to depend on whether the robbery comes before or after the rape or during its commission, suggests differentials too tenuous to be applied pragmatically in actual prosecutions in the criminal courts.
The judgment should be affirmed.