Froessel, J.
Defendant was indicted on three separate counts: (1) first degree rape (Penal Law, § 2010); (2) assault with intent to commit rape (Penal Law, § 242), and (3) endan *116 gering the health and morals of a 15-year-old minor (Penal Law, § 483). He was acquitted of the first degree rape charge. The assault count was dismissed on consent at the close of the People’s case. He was found guilty on the third count.
That third count charged defendant with causing and permitting said minor “to be placed in such a situation that her morals were likely to be impaired, in that said defendant did then and there perpetrate an act of sexual intercourse with said child” (emphasis supplied). The crime thus charged necessarily amounted to a misdemeanor rape since defendant was under 21 and the complainant under 18 years of age (Penal Law, § 2010 [last paragraph]). Were we to hold that no corroboration was necessary to support the conviction of the crime as charged in this indictment, then a prosecutor might easily circumvent the requirement of corroboration necessary for a conviction of misdemeanor rape simply by charging instead the impairment of the morals of a minor, as he did here. The law may not be so circumvented. Inasmuch as the jury was erroneously instructed that no corroboration was necessary, the judgment of conviction must be reversed and a new trial ordered.