**UNITED STATES of America,
Appellee,**

v.

**George H. TILLMAN and
Morris McCants.**

**Appeal of Morris McCANTS.
No. 72–1430.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Oct. 6, 1972.
Decided Nov. 20, 1972.
Certiorari Denied March 5, 1973.
See 93 S.Ct. 1451.

Louis M. Natali, Jr., Segal, Appel & Natali, Philadelphia, Pa., for appellant.

Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

A jury convicted appellant of selling narcotics in violation of 26 U.S.C. § 4704(a) and 26 U.S.C. § 4705(a). Appellant had been charged with selling heroin in June 1968 and with selling cocaine in August 1968. The offenses were joined for trial pursuant to Rule 8, Federal Rules of Criminal Procedure, and appellant's defense to both charges was entrapment. Two Government agents testified that appellant had made the sales. The jury found him guilty of the first sale and innocent of the second.

Appellant claims that the joinder of his offenses was prejudicial because the jury could have been confused since he used the same defense to both charges.

■■ There was no error in joining these offenses initially since they were "of the same or similar character." Rule Fed.R.Crim.P. 8. The question is whether the prejudice from the joinder was great enough to have justified separate trials under Rule 14 of the Federal Rules of Criminal Procedure. A decision of the district court on this issue will not be overturned unless appellant can demonstrate a clear abuse of discretion by the district court. United States v. Skillman, 442 F.2d 542, 554–556 (8th Cir. 1971). *See, e. g.,* Johnson v. United States, 356 F.2d 680, 682 (8th Cir. 1966), cert. denied, 385 U.S. 857, 87 S.Ct. 105, 17 L.Ed.2d 84 (1966). After having examined appellant's argument, we cannot say that he has been able to show such abuse. *See* United States v. Lotsch, 102 F.2d 35, 36 (2d Cir. 1939).

Appellant's second argument is that his Fifth Amendment rights were violated when the Government was allowed to question him as to why he had not presented a certain defense before trial. Appellant testified that the first sale of narcotics occurred in the following manner. A government informer begged appellant to procure narcotics for him. After some initial resistance, appellant conceded and arranged a meeting between the informer and a narcotics dealer. Appellant came with the dealer, and a narcotics agent came with the informer. The informer handed the money to appellant who transferred it to the dealer.

Appellant had not mentioned the narcotics dealer before the trial, and the Government asked him if he had told anyone about the dealer when he was arrested. Appellant objected twice and was overruled twice. After the Government asked him why he had not told anyone about the dealer sooner, the Court sustained appellant's objection. In its closing argument, the Government began to comment on appellant's not mentioning the dealer before trial. The Court sustained an objection to that argument but would not grant a mistrial.

■ Appellant claims that his Fifth Amendment rights were violated because he had a right to remain silent while in custody. *See, e. g.,* Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Comment on his silence in effect impermissibly forces appellant to testify against himself. Miranda v. Arizona, *supra,* at 468, fn. 37, 86 S.Ct. 1602. *Cf.* Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

The Government claims that it was permissible to question him about the history of his alibi because appellant had contended that he had been coopera-

tive with the police and non-disclosure of the source of the narcotics would tend to rebut that contention.

■ The Government's contention is incorrect because from the record it cannot be said that appellant had made an issue of cooperation. The record shows that appellant voluntarily turned himself in after he discovered that there was a warrant out for his arrest and that he went in with his lawyer. It does not show that he said anything to the Government. Nor did appellant's testimony at trial emphasize that he cooperated. Appellant's conduct and testimony do not justify the label the Government attempts to give them.

■ Appellant's conviction will be affirmed, however, because in the context of this case the error was not prejudicial. In Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968), reh. denied, 391 U.S. 929, 88 S. Ct. 1812, 20 L.Ed.2d 670 (1968), the Supreme Court found a comment on a defendant's silence to be prejudicial where the comment was extensive, where an inference of guilt from silence was stressed to the jury as a basis for conviction, and where there was evidence that could have supported acquittal. The comment of the prosecutor which the Court considered "extensive" ran for over two pages of the Supreme Court Reporter. Here, the Government was able to ask appellant only three questions about his conduct. The first two showed only that appellant had not said anything to the police; and appellant's objection to the third question was sustained. The prosecutor managed but a six-line comment to the jury before appellant's objection was sustained. This comment cannot be considered extensive when compared to the one in *Anderson*; *See* United States v. Blassick, 422 F.2d 652, 654 (7th Cir. 1970) (dictum). Compare Anderson v. Nelson, *supra*; Pope v. Harper, 407 F.2d 1303 (9th Cir. 1969). In these circumstances and in

light of the evidence against appellant, the comment was harmless error. Milton v. Wainwright, 407 U.S. 371, 92 S. Ct. 2174, 33 L.Ed.2d 1 (1972); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment of the District Court will be affirmed.