**UNITED STATES of America,**

v.

**Edward SCIANDRA, Defendant.**

**No. 81 Cr. 776 (MEL).**

United States District Court, S. D. New York.

Dec. 23, 1981.

John S. Martin, Jr., U. S. Atty., S. D. of New York, New York City, for United States; Carolyn H. Henneman, Asst. U. S. Atty., New York City, of counsel.

Berney & Zweben, New York City, for defendant Edward Sciandra; Andrew P. Zweben, New York City, of counsel.

LASKER, District Judge.

Edward Sciandra ("Sciandra") is charged with participating in a conspiracy to defraud the United States Internal Revenue Service through a false invoicing scheme designed to generate unreported cash. The false invoicing scheme was allegedly intended to disguise cash payoffs to Sciandra, which he is also charged with having failed to report as income.

Sciandra moves (1) to dismiss the indictment on the grounds that it is legally insufficient and discriminatory; (2) to sever the conspiracy counts from the counts of individual tax violations; (3) to sever his trial from the trial of his co-defendants; and (4) to suppress tape recordings and certain property seized at the time of his arrest. The motions are disposed of as follows:

■ 1) The motion to dismiss the indictment is denied, as Sciandra has not set forth any basis for his claim that insufficient evidence was presented to the grand jury regarding his participation in the conspiracy charged. Moreover, an indictment which is valid on its face is not subject to

challenge on the ground that the jury acted on the basis of inadequate evidence. *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Sciandra's argument that the government's allegations regarding his participation in false documentation and receipt of payments do not, even if true, constitute a violation of federal law, is without merit. The indictment charges that the false documentation and the receipt of payments were actions in furtherance of a conspiracy to defraud the Internal Revenue Service. Such allegations do state a crime against the United States.

■ Sciandra's claim that the charge regarding his individual tax return must be dismissed as discriminatory is also unpersuasive. First, he provides no support for his assertion that it is the ordinary practice of the Internal Revenue Service to notify taxpayers who fail to file returns when due. In fact, the affidavit of the Assistant United States Attorney, submitted in opposition to Sciandra's motions, states that, according to the Collection Branch of the Internal Revenue Service, notices of delinquency are sent out only to taxpayers in certain categories (e.g., taxpayers who file for an extension and then fail to file a return), and that Sciandra does not fall into any of those categories. (Affidavit of Carolyn Henneman, ¶ 4). Moreover, even if Sciandra had demonstrated that similarly situated taxpayers are not generally prosecuted, he would still have failed to bear the heavy burden of showing that the prosecution's "selection" of him was based on an invidious or impermissible consideration. *See Oyler v. Boles,* 368 U.S. 448, 449, 456, 82 S.Ct. 501, 502, 505, 7 L.Ed.2d 446 (1962).

■ 2) Sciandra's motion to sever the individual tax counts from the conspiracy counts is denied under Fed.R.Cr.Pr. 8(a), which allows for joinder of offenses where the offenses charged are of "the same or similar character" or "are based on . . . acts or transactions connected together or constituting parts of a common scheme or plan."

While there is no bright line dividing cases which are of "similar character," from those which are not for the purposes of Rule 8(a), Judge Friendly's statement in *United States v. Werner,* 620 F.2d 922, 926 (2d Cir. 1980) is instructive:

> "Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.' Webster's New International Dictionary (2d ed.) . . . . [R]equiring too precise an identity between the character of the offenses 'would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction.' *Edwards v. Squier,* 178 F.2d 758, 759 (9th Cir. 1949)."

In view of the proscription against "requiring too precise an identity between the character of offenses" deemed similar, it appears that the failure to file or the fraudulent filing of an individual tax return "resembl[es] in many respects" or has "a general likeness" to conspiracy to defraud the Internal Revenue Service.

Moreover, the tax offenses are alleged to be part of a "common scheme" under Rule 8(a) in that the government contends that it is the income which Sciandra received from the conspiracy (as well as other income) which he failed to report. Thus, this case is distinguishable from *United States v. Halper,* 590 F.2d 422 (2d Cir. 1978), which reversed a conviction on the grounds that a Medicaid fraud indictment and an income tax evasion indictment should not have been tried together where "the government concede[d] that the sums charged in the income tax evasion indictment were not the same funds embraced in the Medicaid fraud indictment." *Id.* at 429. As explained by the *Halper* court, the question is whether "[c]ommission of one of the offenses [either] depended upon [or] necessarily led to the commission of the other [or] whether proof of the one act . . . depended upon proof of the other." In this case, the government asserts that its proof of the conspiracy will constitute proof that Sciandra received income which he failed to report, and thus the counts are properly joined under Rule 8(a).

■■ 3) The motion to relieve Sciandra from joinder with his codefendants is denied as moot as to Yale Kroloff, who has entered a guilty plea. As to the remaining codefendants, Vincent Foti, Jr. and Peter Cardasis, Sciandra contends that their taped conversations, in which they refer to an "Eddie", will be introduced against them at the trial, and that he will be unable to subject them to cross-examination, because, on information and belief, they will not choose to testify at the trial. Sciandra argues that he will thereby be deprived of his constitutional right to cross-examine the witnesses against him under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The decision whether to allow joinder of criminal defendants is a matter within the Court's discretion. *United States v. Stirling*, 571 F.2d 708, 733 (2d Cir.) *cert. denied*, 439 U.S. 824, 99 S.Ct. 93, 58 L.Ed.2d 116 (1978). *Bruton* did not establish a constitutional prohibition against the admission into evidence of statements by coconspirators at the joint trial of criminal defendants. *See Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1971) (distinguishing *Bruton*, in which hearsay testimony of the codefendant was "wholly inadmissible" against the defendant from cases in which the hearsay testimony of the codefendant is admissible against the defendant under a recognized exception to the hearsay rules). *See also* 8 Moore's Federal Practice ¶ 14.04[2], at 14–70 (June, 1981 revision):

> "*Bruton v. United States* applies primarily to inadmissible hearsay. Thus, where a statement is admissible under the co-conspirator exception to the hearsay rule, courts have refused to apply *Bruton*."

■ On the question whether the Court's discretion should be exercised in favor of severance, the issue is whether the defendant has made out a clear showing of prejudice. "Where . . . the crime charged involves a common scheme or plan, a joint trial of the participants is proper, absent a clear showing of prejudice." *United States v. Girard*, 601 F.2d 69, 72 (2d Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). In view of the fact that

Sciandra's counsel has conceded at oral argument that his client cannot attest either that the "Eddie" referred to on the tape is not him, or that, if a severance were ordered, the codefendants would be called to testify to that effect, it cannot be said that the introduction of the tapes which refer to "Eddie" is prejudicial to Sciandra.

4) Sciandra's motion to suppress tape recorded conversations is made on the grounds that "[t]he circumstances of the recording of these conversations have not been revealed." However, the affidavit from the Assistant United States Attorney states that:

> "the tapes consist of consensual monitors of the defendant Kroloff's conversations with his codefendants. At the beginning of each tape, Kroloff can be heard giving his consent to the monitoring of his conversation."

(Affidavit of Carolyn Henneman, ¶ 6). If the Henneman affidavit is correct, and nothing has been said to suggest that it is not, there appears to be no basis on which to challenge the admissibility of the tapes.

Sciandra challenges the seizure of the property which was on his person at the time of his arrest on the grounds that the arrest was without probable cause because there was insufficient evidence to justify an indictment. In view of the disposition of the motion to dismiss the indictment, the suppression motion is also without basis and is denied.

Accordingly, Sciandra's motions are denied.

It is so ordered.