UNITED STATES of America

v.

Joseph E. TODARO, Sr.

No. CR–83–29E.

United States District Court,
W.D. New York.

June 6, 1985.

Anthony M. Bruce, Dept. of Justice Atty., Buffalo, for plaintiff.

Joseph M. Latona, Buffalo, for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this prosecution charging three counts of willfully and knowingly attempting to evade federal income tax liabilities in violation of 26 U.S.C. § 7201 and four counts of willfully and knowingly making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1), the abovenamed individual ("the defendant") has moved to dismiss the Indictment and, alternatively, for a severance of the trial of Count Seven of the Indictment from the other six counts.

The government has indicated, with respect to the tax evasion counts, that it intends to demonstrate at trial the existence and extent of defendant's unreported taxable income in each year by utilization of the "net worth plus non-deductible expenditures" method of proof. *See Holland v. United States*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Defendant's dismissal motion is premised upon the government's alleged failure to have investigated adequately certain "leads" that he had provided to it regarding three substantial loans which he has claimed had been made to him during the periods in question.

Under *Holland v. United States, supra*, when income tax evasion is sought to be established by use of the net worth method, the government has an obligation to investigate all leads provided to it by the defendant when and to the extent that such leads are reasonably susceptible of being checked. "When the government fails to show an investigation into the validity of such leads, the trial judge may consider them as true and the Government's case insufficient to go to the jury." *Id.* at 136, 75 S.Ct. at 135.

Although the government has submitted affidavits and documentation with respect to the nature and scope of its inves-

tigation of the provided leads, consideration of such is not necessary to the determination of defendant's dismissal motion inasmuch as this Court finds that such motion is premature. The government has correctly contended that the motion presupposes that the government will fail to prove at the trial of this case that it had discharged its obligation to investigate the leads. Should the government thus fail at trial, this Court could, with legal propriety, prevent the government's case from going to the jury. *See Holland v. United States, supra,* at 135–136, 75 S.Ct. at 135; *United States v. Scott,* 660 F.2d 1145, 1167 fn. 42 (7th Cir.1981), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982). Defendant's additional contentions that the government had failed to exhaust the leads during the Grand Jury's investigation and should have presented informant evidence to that body regarding one of the claimed loans have been considered and have been found insufficient to warrant dismissal of the Indictment. Accordingly defendant's request for dismissal shall be denied without prejudice.

Defendant's motion to sever Count Seven from the other six counts, is bottomed on the assertion that such count had been improperly joined with the other six under Fed.R.Crim.P. rule 8(a). He has further contended that severance of said count from the others is appropriate under Fed. R.Crim.P. rule 14 due to the separate transaction upon which Count Seven is premised, the dissimilar theory of proof that will be utilized by the government regarding such count and the possible jury confusion and unfair prejudice to him of a trial of this count jointly with the others.

The parties are in basic agreement that: (a) Counts One through Six charge defendant with willfully evading income tax liability (Counts One, Three and Five) and willfully filing false tax returns (Counts Two, Four and Six) for fiscal years ending in 1976, 1977 and 1978 respectively; (b) the government's evidence regarding these charges will be presented according to the net worth/non-deductible expenditures method of proof; (c) Count Seven charges defendant with willfully filing a false income tax return for the fiscal year ending June 30, 1979 due to his alleged fraudulent deduction of the payment of a personal gambling debt as a business expense; and (d) the government will utilize a "specific item" method of proof regarding Count Seven. The government has also indicated the substantial correctness of defendant's prediction that, with one or two possible exceptions, different witnesses will be called by the government in attempting to prove Counts One to Six than with respect to Count Seven.

Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of two or more offenses in the same indictment where the crimes charged "are of the same or similar character." In the case at bar the offense charged in Count Seven—namely, the willful filing of a false income tax return with respect to the fiscal year ending June 30, 1979 in violation of 26 U.S.C. § 7206(1)—is sufficiently similar to the violations of 26 U.S.C. § 7206(1) charged in Counts Two, Four and Six—and even to Counts One, Three and Five—to warrant joinder under rule 8(a). *Cf. United States v. Sciandra,* 529 F.Supp. 316, 318 (S.D.N.Y.1981).

"Moreover, Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.' " *United States v. Werner,* 620 F.2d 922, 926 (2d Cir.1980).

However, the propriety of the joinder of distinct offenses under rule 8(a) does not preclude the granting a severance under Fed.R.Crim.P. rule 14 "if it appears that the defendant is prejudiced by the joinder." *Id.* at 928. In *United States v. Halper,* 590 F.2d 422, 430–431 (2d Cir. 1978), it was explained:

"When all that can be said of two separate offenses is that they are of the 'same or similar character,' the customary justifications for joinder (efficiency

and economy) largely disappear. Whereas the joinder of offenses 'based on the same act or transaction' or of offenses based 'on two or more acts or transactions connected together or constituting parts of a common scheme or plan' is reasonable and desirable both from the government's and the defendant's perspective, the same cannot be said for joinder of offenses of the 'same or similar character.' "

The Court in *Halper* (wherein two separate indictments had been joined for trial) noted the potential dangers to which a defendant is exposed by joinder of offenses of the "same or similar character"—*e.g.*, the jury might view the government's evidence cumulatively or improperly utilize the evidence regarding one offense to infer a criminal disposition on the part of defendant regarding another offense—and announced a rule requiring

> "a severance of offenses that are purportedly of the 'same or similar character' unless evidence of the joined offenses would be mutually admissible in separate trials or, if not, unless the evidence is sufficiently 'simple and distinct' to mitigate the dangers otherwise created by such a joinder." *Id.* at 431.

■ In the instant criminal action application of this rule justifies a separate trial of Count Seven. The government's assertion that "evidence that the defendant committed any one of the first six counts might be admissible in a separate trial of Count Seven" is too speculative to deny the sought severance in view of the possible unfair prejudice to defendant and is not persuasive in view of the absence of any contention by the Government of a common scheme or plan by defendant to have evaded taxation regarding *all* of the charged offenses. Such assertion is, in all probability, not going to be fulfilled on trial. In view of the numerous documents and witnesses that the government is expected to utilize regarding Counts One through Six, as well as the complexity of the net worth theory of proof, the expected relative simplicity of the government's case with respect to Count Seven does not warrant denial of defendant's motion. While it might not be an abuse of this Court's discretion to deny the severance, it most certainly can not be deemed improper to grant such relief. The latter course will not enable the government to adduce evidence of the defendant's gambling activities, if any there be, with its unfair influence upon the jury to the substantial adverse interest of the defendant on the trial of Counts One through Six.

For these reasons it is hereby

ORDERED that defendant's motion for dismissal of the Indictment is denied without prejudice; and it is hereby further

ORDERED that defendant's motion for a severance and a separate trial of Count Seven of the Indictment is granted; and it is hereby further

ORDERED that the government shall, within fifteen (15) days of the entry of this Memorandum and Order elect in writing whether it will go to trial September 10, 1985 on Counts One through Six or on Count Seven.[1]

On Motion to Require Written Objections

■ In this prosecution charging defendant with willfully attempting to evade federal income tax liabilities in violation of 26 U.S.C. § 7201 and willfully subscribing false tax returns in violation of 26 U.S.C. § 7206(1), the government has moved pursuant to Fed.R.Cr.P. rule 12(d)(1) to require defendant to file written objections to the authenticity of certain designated records and for a pretrial hearing for the purpose of ruling on any objections filed by defend-

---

1. The government had indicated, tentatively, that it would opt to try the defendant on Count Seven initially and then on Counts One through Six. Inasmuch as the unfair prejudice works in but a single direction—viz., from Count Seven into the disposition of Counts One through Six—it would appear that, if the government were to try the latter first, the same jury could be utilized. In a sense, there would be a bifurcated trial with a single jury.

ant. Defendant has opposed such motion, asserting that the government is not entitled to the relief sought.

Fed.R.Cr.P. rule 12(d)(1) permits the government to provide a defendant with notice of "its intention to use specified evidence at trial in order to afford the defendant an opportunity to raise objections to such evidence prior to trial" in the form of a motion to suppress evidence under rule 12(b)(3). In the case at bar the government seeks to compel defendant to make his position known prior to trial with respect to the authenticity *vel non* of some 568 exhibits that the government intends to offer at trial. Although this Court recognizes that the granting of the instant motion would conserve its time, would reduce the length of what is expected to be a prolonged trial by eliminating certain witnesses and/or testimony and possibly would diminish confusion of the jury which can arise when attorneys argue about and witnesses testify as to the authenticity of records, rule 12(d)(1) does not authorize the procedure sought by such motion and the government has not cited any other rule or authority which would permit such procedure. In addition, although this Court certainly would favor a stipulation by the parties as to the authenticity of any exhibits the genuineness of which is not disputed, I shall not order defendant to file specific objections inasmuch as such procedure could serve to provide the government with notice of a problem as to a specific exhibit and an opportunity to rectify such prior to trial. Absent the requested order the government might find at trial that it is unable to introduce into evidence a certain exhibit or exhibits for lack of having established adequately its or their authenticity. Accordingly, I find that the government is not entitled to the advantage of pretrial rulings on the authenticity *vel non* of its exhibits.

For these reasons it is hereby ORDERED that the government's motion is denied.