380 S.E.2d 670

**STATE of West Virginia**

v.

**Robert Ray HATFIELD.**

No. 17519.

Supreme Court of Appeals of
West Virginia.

Dec. 21, 1988.

Opinion of Justice Brotherton
June 29, 1989.

Silas B. Taylor, Deputy State Atty. Gen., for State.

Jack Thompson, for Hatfield.

McGRAW, Justice:

This is an appeal by the appellant, Robert Ray Hatfield, from a final order of the Circuit Court of Raleigh County sentencing him to a term of life imprisonment as an habitual criminal following his convictions of the crime of abduction with intent to defile. The appellant contends that the abduction statute is unconstitutionally vague and that the trial court erred in denying his motion for separate trials on the underlying offenses. We find merit in the latter assertion, and we reverse the judgment of the circuit court on that ground.

The evidence at trial showed that on June 25, 1985, the appellant lured D., a 16–year–old black male, into his vehicle in Beckley by falsely identifying himself as a relative of a teacher known to D. and offering to assist the teen-ager in obtaining employment. On the pretext of visiting his sister, the appellant drove D. to a church parking lot and offered him $300.00 to "treat him right." When D. became suspicious, the appellant drew a knife from his pocket, held it to D.'s throat and ordered D. to remove his trousers. The appellant then laid the knife on the dashboard and began unzipping his own pants. D. grabbed the knife and escaped after a struggle. The appellant was arrested on July 2, 1985, but was released on bond.

On August 5, 1985, the appellant approached M., a 20–year–old white female, at a tavern in the same general area that he first met D. The appellant identified himself as an out-of-state truckdriver and offered M. $1,000.00 to "show him a good time" at a local motel. M. refused and attempted to avoid the appellant by going to a laundry next door and then to a nearby apartment complex. However, the appellant followed M., forced his way into her car by holding a knife to her throat and drove her across town. When the appellant began making advances towards her, M. wrestled the knife from him and threw it from the car. She was subsequently able to attract the attention of a police officer who arrested the appellant.

In September 1985, the appellant was charged by separate indictments with two counts of abduction with intent to defile in violation of W.Va.Code § 61–2–14(a) (1984 Replacement Vol.).[1] The indictments were subsequently consolidated for trial in the Circuit Court of Raleigh County.

At a pretrial conference conducted on December 17, 1985, the appellant moved for severance of the charges and a sepa-

---

**1.** W.Va.Code § 61–2–14(a) provides, in pertinent part:

Any person who takes away another person, or detains another person against such person's will, with intent to marry or defile the person, or to cause the person to be married or defiled by another person ... shall be guilty of a felony, and, upon conviction thereof, shall be confined in the penitentiary not less than three nor more then ten years.

rate trial on each indictment. The appellant also moved to dismiss the indictments on the ground that W.Va.Code § 61–2–14(a) was unconstitutionally vague. The trial court denied the motions, and trial on both charges commenced on December 30, 1985.

On January 2, 1986, the jury found the appellant guilty on both charges. The appellant's motion to set aside the verdict was denied, and the State filed an information charging the appellant with being an habitual criminal. Following a jury trial, the appellant was found guilty of the recidivist charge and, in March 1985, was sentenced to an enhanced term of life imprisonment in the state penitentiary.

### I.

■ The appellant's first contention on appeal is that W.Va.Code § 61–2–14(a), setting forth the offense of abduction with intent to defile, is unconstitutionally vague because it does not define the word "defile". In syllabus point 1 of *State v. Reed*, 166 W.Va. 558, 276 S.E.2d 313 (1981), we stated: " 'A criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication.' Syl. pt. 1, *State v. Flinn*, [158 W.Va. 111], 208 S.E.2d 538 (1974)."

■ The term "defile" has been defined as follows:

To corrupt purity or perfection of; to debase; to make ceremonially unclean; to pollute; to sully; to dishonor. *State v. Kasnett*, 30 Ohio App.2d 77, 283 N.E.2d 636, 638. To debauch, deflower, or corrupt the chastity of a woman. The term does not necessarily imply force or ravishment, nor does it connote previous immaculateness.

*Black's Law Dictionary* 380 (5th ed. 1979). A sexual purpose or motivation is common-

ly understood to be an essential element of the offense of abduction with intent to defile. *State v. Miller*, 175 W.Va. 616, 336 S.E.2d 910, n. 3 (1985). *See also People v. Moore*, 196 Cal.App.2d 91, 16 Cal.Rptr. 294 (1961); *State v. Montgomery*, 79 Iowa 737, 45 N.W. 292 (1890); *State v. Selby*, 183 N.J.Super. 273, 443 A.2d 1076 (1981); *People v. LoVerde*, 7 N.Y.2d 114, 195 N.Y.S.2d 835, 164 N.E.2d 102 (1959); *State v. Botha*, 27 Utah 289, 75 P. 731 (1904); *Fitzgerald v. Commonwealth*, 223 Va. 615, 292 S.E.2d 798 (1982), *cert. denied*, 459 U.S. 1228, 103 S.Ct. 1235, 75 L.Ed.2d 469 (1983). Although we had not spoken directly to the issue at the time of the offenses charged here, it is evident that the meaning of the term "defile" in this context was settled long ago. *See also* 4 S. Stephen, *Commentaries on the Laws of England* (16th ed. 1914). Moreover, the record in this case shows that the defense was well aware of the meaning of the term at trial. Accordingly, we cannot say that the abduction statute was not sufficiently definite to give a person of ordinary intelligence fair notice of the prohibited conduct. *See Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975); *People v. Loignon*, 160 Cal. App.2d 412, 325 P.2d 541 (1958); *State v. Holstead*, 354 So.2d 493 (La.1977).

### II.

■ The appellant's principal assignment of error, however, is that the trial court erred in ordering the two indictments tried together. Rule 13 of the West Virginia Rules of Criminal Procedure permits joint trial of offenses charged in separate indictments if such offenses could have been joined in a single indictment.[2] The test for consolidation of indictments is the same test utilized for joinder of offenses under W.Va.R.Crim.P. 8(a):

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the

---

**2.** W.Va.R.Crim.P. 13 provides:

The court may order two or more indictments or information [*sic*] or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information

except that the court may not order a joint trial of more than one defendant in a felony case if a defendant or the state objects. The procedure shall be the same as if the prosecution were under such single indictment or information.

offenses charged, whether felonies or misdemeanors or both, are of the same or similar character. All offenses based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan shall be charged in the same indictment or information in a separate count for each offense, whether felonies or misdemeanors or both.

See *State v. Eye,* 177 W.Va. 671, 355 S.E.2d 921 (1987); *State v. Mitter,* 168 W.Va. 531, 285 S.E.2d 376 (1981). Courts interpreting the equivalent provision of the Federal Rules of Criminal Procedure [3] have held that Rule 8(a) is to be liberally construed in favor of joinder. *United States v. Montes-Cardenas,* 746 F.2d 771 (11th Cir.1984); *United States v. Wirsing,* 719 F.2d 859 (6th Cir.1983); *United States v. Armstrong,* 621 F.2d 951 (9th Cir.1980); *United States v. McGrath,* 558 F.2d 1102 (2d Cir. 1977), *cert. denied,* 434 U.S. 1064, 98 S.Ct. 1239, 55 L.Ed.2d 765 (1978). *See* 1 C. Wright, *Federal Practice and Procedure: Criminal* § 141 (2d ed. 1982).

 Here, it is contended that the two indictments were properly consolidated for trial because the offenses were "of the same or similar character." [4] A number of jurisdictions have held that the offenses need not be related to each other to be "of the same or similar character" within the meaning of the Rules. "[R]ule 8(a) permits joinder against one defendant of offenses 'of the same or similar character', even where those offenses arise out of wholly separate, unconnected transactions...." *United States v. Satterfield,* 548 F.2d 1341, 1344 (9th Cir.1977), *cert. denied,* 439 U.S. 840, 99 S.Ct. 128, 58 L.Ed.2d 138 (1978), *citing United States v. Roselli,* 432

F.2d 879, 898 (9th Cir.1970), *cert. denied,* 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971) and 1 C. Wright & A. Miller, *Federal Practice and Procedure* § 144 (1969 & Supp.1976). *See United States v. Bibby,* 752 F.2d 1116 (6th Cir.1985), *cert. denied,* 472 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986); *Cupo v. United States,* 123 U.S.App.D.C. 324, 359 F.2d 990 (1966), *cert. denied,* 385 U.S. 1013, 87 S.Ct. 723, 17 L.Ed.2d 549 (1967); *Kivette v. United States,* 230 F.2d 749 (5th Cir.1956), *cert. denied,* 355 U.S. 935, 78 S.Ct. 419, 2 L.Ed.2d 418 (1958).[5] Neither must the offenses be identical in nature.

Rule 8(a) is not limited to crimes of the "same" character but also covers those of "similar" character, which means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." Webster's New International Dictionary (2d ed.). As one court has pointed out, requiring too precise an identity between the character of the offenses "would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction." *Edwards v. Squier,* 178 F.2d 758, 759 (9th Cir.1949).

*United States v. Werner,* 620 F.2d 922, 926 (2d Cir.1980). *See United States v. Hutchings,* 751 F.2d 230 (8th Cir.1984), *cert. denied,* 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 75 (1985); *United States v. Tillman,* 470 F.2d 142 (3rd Cir.1972), *cert. denied,* 410 U.S. 968, 93 S.Ct. 1451, 35 L.Ed.2d 702 (1973). Mere lapse of time between the commission of the offenses does not render joinder improper. *United States v. Franklin,* 452 F.2d 926 (8th Cir.1971). *See also United States v. Pierce,* 733 F.2d 1474

---

**3.** Fed.R.Crim.P. 8(a) provides:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

**4.** We note that under our Rule, joinder on this ground is permissive. Where, however, the of-

fenses are based on the same act or transaction or are part of a common scheme, or plan, joinder is mandatory under W.Va.R.Crim.P. 8(a). *See State v. Duskey,* 178 W.Va. 258, 358 S.E.2d 819 (1987).

**5.** *But see United States v. Quinn,* 365 F.2d 256 (7th Cir.1966), holding that separate violations of the same statute not arising out of the same transaction or a common scheme or plan were not "of the same or similar character" within the meaning of Rule 8(a).

(11th Cir.1984); *United States v. Rogers,* 732 F.2d 625 (8th Cir.1984); *United States v. Hatcher,* 423 F.2d 1086 (5th Cir.), *cert. denied,* 400 U.S. 848, 91 S.Ct. 35, 27 L.Ed.2d 86 (1970); 8 J. Moore, *Moore's Federal Practice* ¶ 8.05[4] (2d ed. 1985).

On the other hand, the reason for allowing joinder or consolidation of offenses, namely the promotion of judicial economy by avoidance of needless multiple trials, is not as compelling where the offenses are similar but unrelated.

When all that can be said of two separate offenses is that they are of the "same or similar character," the customary justifications for joinder (efficiency and economy) largely disappear. Whereas the joinder of offenses "based on the same act or transaction" or of offenses based "on two or more acts or transactions connected together or constituting parts of a common scheme or plan" is reasonable and desirable both from the government's and the defendant's perspective, the same cannot be said for joinder of offenses of the "same or similar character." In the former situations, the government should not be put to the task of proving what is essentially the same set of facts more than once, and the defendant should be spared the task of defending more than once against what are essentially the same, or at least connected, charges. *See United States v. McGrath,* [558 F.2d 1102, 1106 (2d Cir.1977)]. In the latter circumstance, however, the only time likely saved by joinder of "same or similar character" offenses is the time spent selecting a jury, and perhaps the time spent examining character witnesses. On the whole, however, the "trials" on the joined charges are distinct. *See* 8 Moore's Federal Practice ¶ 8.05[2], at 8–19.

*United States v. Halper,* 590 F.2d 422, 430 (2d Cir.1978). *See United States v. Todaro,* 610 F.Supp. 923 (W.D.N.Y.).

 Moreover, even where joinder or consolidation of offenses is proper under Rule 8 or Rule 13, the trial court may order separate trials pursuant to Rule 14(a) on the ground that such joinder or consolidation is prejudicial.[6] *State v. Clements,* 175 W.Va. 463, 334 S.E.2d 600, *cert. denied,* 474 U.S. 857, 106 S.Ct. 165, 88 L.Ed.2d 137 (1985); *State v. Mitter,* 168 W.Va. at 544, 285 S.E.2d at 383. The decision to grant a motion for severance pursuant to Rule 14(a) is a matter within the sound discretion of the trial court. *State v. McFarland,* 175 W.Va. 205, 332 S.E.2d 217 (1985); *State v. Mitter,* 168 W.Va. at 531, 285 S.E.2d at 383.

In *State v. Mitter,* we recognized the circumstances in which prejudice may arise from an otherwise proper joinder of offenses:

Courts that have addressed the problem have recognized that joinder or consolidation may prejudice the defendant because the jury may tend to cumulate the evidence of the various offenses and convict the defendant on all offenses charged on the theory he is a bad individual rather than weigh the evidence separately on each offense. From the defense standpoint, trial on multiple offenses may make it difficult to establish separate defenses to individual charges. Furthermore, it may inhibit the defendant's ability to testify on his own behalf if he wishes to testify about some of the charges but not about others. *Cross v. United States,* 335 F.2d 987 (D.C.App. 1964); *Drew v. United States,* 331 F.2d 85 (D.C.App.1964); 1 Wright, *Federal Practice and Procedure* § 222 (1969). *See also, Meade v. State,* 85 So.2d 613 (Fla.1956); *Hadjis v. Iowa Dist. Court of Linn County,* 275 N.W.2d 763 (Iowa

---

**6.** W.Va.R.Crim.P. 14(a) provides:

If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of the counts or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the state to deliver to the court for inspection in camera any statements or confessions made by the defendant or other relevant information which the state intends to introduce in evidence at the trial.

This rule is substantially similar to the provisions of Fed.R.Crim.P. 14, governing severance of offenses.

1979); *Commonwealth v. Slavski,* 245 Mass. 405, 140 N.E. 465 (1926) [ (1923) ]; *Commonwealth v. Tracey,* 137 Pa.Super. 221, 8 A.2d 622 (1939); Annot., 59 A.L.R.2d 835 (1958); 53 Am.Jur. *Trial* § 67 (1945).

168 W.Va. at 543–544, 285 S.E.2d at 383. The danger of prejudice increases where, as here, the initial joinder or consolidation is premised on the similar character of unrelated offenses. *See United States v. Lewis,* 787 F.2d 1318 (9th Cir.1986); *United States v. Pierce,* 733 F.2d at 1477; *United States v. Halper,* 590 F.2d at 430; *United States v. Foutz,* 540 F.2d 733 (4th Cir. 1976); 8 J. Moore, *supra* ¶ 14.03[1].

█ We are of the opinion that the danger of prejudice to the appellant outweighed the convenience to the State of a single trial. The offenses were clearly separate and distinct, and were not so similar in nature that evidence of one crime would have been admissible at a separate trial for the other. *See* W.Va.R.E. 404(b). Moreover, the nature of the offenses themselves substantially increased the risk of prejudice. *See Bridges v. United States,* 381 A.2d 1073 (D.C.App.1977), *cert. denied,* 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1978). Accordingly, we conclude that the trial court abused its discretion and committed reversible error in denying the appellant's motion for severance of the offenses at trial.

### III.

For the reasons stated herein, the judgment of the Circuit Court of Raleigh County is reversed, and the case is remanded for new trials.

Reversed and remanded.

Justice BROTHERTON dissents and reserves the right to file a dissenting opinion.

BROTHERTON, Justice, concurring in part, dissenting in part:

I concur with the majority opinion finding W.Va.Code § 61–2–14(a), setting forth the offenses of abduction with intent to defile, constitutional, but dissent from the majority's conclusion that the trial court

erred in consolidating for trial two indictments against the defendant charging him with violations of W.Va.Code § 61–2–14(a).

In syllabus point 2, the majority correctly points out that joinder of two or more indictments for trial is within the discretion of the trial court when the offenses are of the same or similar character. The offenses can be joined even though the acts are not the same if they are connected together or constitute part of a common scheme or plan. W.Va.R.Crim.P. 8(a).

The facts set forth in the majority opinion clearly show a common scheme or plan. The acts took place in the same area, a knife was involved, and the motive was for sexual gratification. The majority cites state and federal authorities, at length, which allow for the consolidation of two indictments for the very same reason the trial court granted the State's motion for consolidation in the instant case.

The majority discusses W.Va.R.Crim.P. 14(a), which permits a trial court to order separate trials on the grounds that the defendant might be prejudiced. In this case the trial court, using the discretion granted by W.Va.R.Crim.P. 8(a), consolidated the two indictments. This Court has said on may occasions that a trial court, when exercising its discretion under the rules, will not be reversed unless clearly wrong. However, we find no discussion by the majority of any facts which would indicate that the defendant was prejudiced by the joinder of the two indictments; nor did the majority show that the trial judge was clearly wrong. I am confident the majority opinion will only serve to confuse the issue of when indictments can be consolidated under Rule 8(a).

For the above reasons, I dissent.