# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0430** (Berkeley County 15-F-52)

**E.K.,**
**Defendant Below, Petitioner**

**FILED**

**October 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner E.K.,[1] by counsel Michael Santa Barbara, appeals his convictions for the offenses of sexual assault in the first degree, sexual abuse by a parent, guardian, or custodian, sexual abuse in the first degree, parent filming a minor in sexually explicit conduct, and possession of material portraying a minor in sexually explicit conduct. The State of West Virginia, by counsel Robert L. Hogan filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by a Berkeley County Grand Jury for one count of sexual assault in the first degree; four counts of sexual abuse by a parent guardian or custodian; one count of incest; three counts of sexual abuse in the first degree; one count of possession of material portraying a minor in sexually explicit conduct; one count of incest; one count of "parent filming a minor in sexually explicit conduct". All of these charges related to petitioner's step-daughter, V.K. Petitioner was also indicted for two additional counts of sexual abuse by a parent guardian or custodian, relating to his other step-daughter, B.K.

As a part of the investigation, West Virginia State Troopers obtained a search warrant for all of petitioner's electronic devices. After executing the warrant, officers seized one thumb-

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W. Va. 641, 398 S.E.2d 123 (1990).

drive, one laptop computer, and a cell phone. Twenty-three images were obtained from the seized evidence which depicted petitioner and a minor female engaged in "acts on a bed."

Petitioner's jury trial was held on October 30, 2015. At trial, the jury heard the testimony of V.K., B.K., and their mother. The girls' mother testified that she met petitioner in Africa, where they both grew up, and re-met and later married him while they were living in the United States. The parties married in 2009, and petitioner adopted B.K. and V. K. The parties separated in 2014, at which time B.K. told her mother that petitioner tried to have sex with her while she was in high school. As a result, the girl's mother spoke with V.K., who disclosed that "every time" her mother worked at night, petitioner would come into her room, undress her, suck her breasts, and touch her vagina. V.K. testified to several of these episodes involving petitioner, and that the acts started when she was eight or nine years old. B.K. testified that during her senior year, petitioner touched her breasts, and later, tried to touch her breasts again. B.K. also testified that petitioner would frequently make comments about wanting to have sex with her.

Petitioner testified on his own behalf, and denied the allegations. Following deliberations, the jury found petitioner not guilty on the counts related to B.K., and as to one count of sexual abuse by a parent, guardian or custodian and one count of sexual abuse in the first degree related to V.K. Petitioner was found guilty of the remaining counts in the indictment. For his convictions, petitioner received a sentence of not less than twenty-five, nor more than one hundred years in the penitentiary, and a fine of $5,000 for his conviction of the offense of sexual assault in the first degree; not less than ten nor more than twenty years, each, for his convictions of three counts of sexual abuse by a parent, custodian, or guardian; not less than five nor more than fifteen years for his conviction of incest; not less than five nor more than twenty-five years, each, for his convictions of two counts of first degree sexual abuse; ten years for the offense of parent filming a minor in sexually explicit conduct; and two years for the offense of possession of material portraying a minor in sexually explicit conduct. Petitioner now appeals his convictions.

On appeal, petitioner raises three assignments of error.[2] First, petitioner argues that there was insufficient evidence to sustain a verdict of guilt. Second, petitioner argues that the circuit

_____

[2] In his brief petitioner designates six assignments of error, however, assignments two and four are identical, and petitioner only provides argument for five assignments. Petitioner also asserts, without citation to the record on appeal, that the circuit court improperly admitted evidence of uncharged conduct, and that he was denied a fair trial due to the racial composition of the jury panel. Because these issues were not properly developed, and not adequately briefed, we decline to consider them. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996), which states

> [a]lthough we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal. *State v. Lilly,* 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995) ("casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal").

(continued . . .)

court erred in denying his motion to sever. Finally, petitioner asserts that the circuit court erred in denying his motion to suppress.

Regarding the sufficiency of evidence, we have held that,

"[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syllabus point 1, *State v. Guthrie*, 194 W.Va. 657, 663, 461 S.E.2d 163, 169 (1995).

Syl. Pt. 1, *State v. Boyd*, 238 W. Va. 420, 796 S.E.2d 207 (2017).

Further,

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus point 3, *State v. Guthrie*, 194 W.Va. 657, 663, 461 S.E.2d 163, 169 (1995).

Syl. Pt. 2, *Boyd*. This Court finds that viewed in the light most favorable to the prosecution, the evidence was sufficient to support petitioner's convictions. *Id.* The testimony of V.K., alone, supports the jury's verdict that petitioner committed the offenses of first degree sexual assault and sexual abuse, sexual abuse by a parent, guardian or custodian, and incest. Further, the State introduced, and the circuit court admitted, photographic evidence to support petitioner's convictions for the offenses of parent filming a minor in sexually explicit conduct, and possession of material portraying a minor in sexually explicit conduct. Thus, viewed in the light

---

*See also State, Dep't of Health & Human Res. v. Robert Morris N.,* 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) ("'A skeletal "argument," really nothing more than an assertion, does not preserve a claim.... Judges are not like pigs, hunting for truffles buried in briefs.'") (quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991).).

most favorable to the prosecution there was more than sufficient evidence to support petitioner's convictions.

Petitioner next argues that the circuit court erred in denying his motion to suppress the search warrant. Prior to trial, petitioner moved to suppress the search warrant, arguing that the warrant was not valid because it failed to establish probable cause, and failed to establish the reliability of the information therein. The circuit court rejected petitioner's arguments and found that the warrant stated with particularity the area to be searched and established probable cause.

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy,* 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W. Va. 530, 722 S.E.2d 566 (2011).

We agree with the circuit court. According to the affidavit, the girls' mother reported to law enforcement that petitioner sexually abused her daughters from August of 2010 to July of 2014. The affidavit also advises that the girls' mother reported to law enforcement that her daughter begged her not to work night shift because she did not want to be home with petitioner and that she observed child pornography on petitioner's computer. The girls' mother also told officers, according to the warrant, that petitioner used a cell phone to film his minor daughter taking a shower. The circuit court found that the information was reliable, as the witnesses gave their names, and addresses, and presented information that they personally experienced or observed. Finding no clear error, we decline to overturn petitioner's convictions on this ground.

Petitioner also argues that the circuit court erred in denying his motion to sever the counts of the indictment pertaining to B.K., from the counts pertaining to V.K. Petitioner complains that the circuit court found that the testimony of the crimes committed against both sisters was admissible at trial under Rule 404(b) of the West Virginia Rules of Evidence, and asserts that because the incidents involving V.K., are remote in time from the incidents involving B.K., that joinder of the offenses was unduly prejudicial. We have held that,

> "[e]ven where joinder or consolidation of offenses is proper under the West Virginia Rules of Criminal Procedure, the trial court may order separate trials pursuant to Rule 14(a) on the ground that such joinder or consolidation is prejudicial. The decision to grant a motion for severance pursuant to W.Va.R.Crim.P. 14(a) is a matter within the sound discretion of the trial court." Syllabus Point 3, *State v. Hatfield,* 181 W.Va. 106, 380 S.E.2d 670 (1988).

Syl. Pt. 1, *State v. Milburn*, 204 W. Va. 203, 511 S.E.2d 828 (1998). Further, "[a] defendant is not entitled to relief from prejudicial joinder pursuant to Rule 14 of the West Virginia Rules of Criminal Procedures when evidence of each of the crimes charged would be admissible in a separate trial for the other." Syl. Pt. 2, *id.*

4

Here, there is no abuse of discretion, and it is clear that evidence of the crimes committed against one sister would have been admissible in a separate trial of the crimes committed against another. The acts were similar in nature, and each involved an allegation of petitioner's lustful disposition toward children in his care. *See* Syl. Pt. 2, in part, *Edward Charles L.*, ("Collateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment.") Accordingly, we find the trial court did not abuse its discretion in denying severance.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker