# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0159** (Berkeley County CC-02-2020-F-196)

**Darius Jamal Porter,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Darius Jamal Porter appeals the Circuit Court of Berkeley County's January 31, 2022, order sentencing him following his convictions for one count each of attempted murder, conspiracy to commit murder, and conspiracy to commit wanton endangerment, and twenty counts of wanton endangerment.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The Berkeley County Grand Jury returned a forty-two-count indictment charging petitioner with various crimes alleged to have occurred over three separate days. On March 29, 2020, petitioner allegedly fired a gun at a vehicle occupied by Michael E. Moody at a West Burke Street, Martinsburg, West Virginia, address. Counts One through Four, corresponding to this conduct, charged petitioner with the attempted murder of Mr. Moody and three counts of wanton endangerment.

On April 1, 2020, petitioner and his brother allegedly fired into Mr. Moody's home located on Diesel Avenue in Martinsburg. Accordingly, the two were charged, in Counts Five through Eighteen, with attempted murder, conspiracy to commit murder, conspiracy to commit wanton endangerment, and multiple counts of wanton endangerment.

On May 28, 2020, petitioner and his brother were alleged to have again shot into Mr. Moody's Diesel Avenue home, which was also then occupied by Tesla M. Somers. Counts Nineteen through Forty-Two charged petitioner and his brother with the attempted murders of Mr. Moody and Ms. Somers, conspiracy to commit murder, conspiracy to commit wanton endangerment, and multiple counts of wanton endangerment.

---

[1] Petitioner appears by counsel Michael Santa Barbara, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

Before trial, petitioner argued that he was unfairly prejudiced by the joinder of these offenses in one indictment, and he moved for separate trials of each day's charges.[2] In denying the motion, the court noted the commonality of victims and that evidence of all alleged crimes would be admissible at separate trials.

At trial, the State elicited testimony from Thomas Funk, a corporal with the Berkeley County Sheriff's Office who performed an extraction of the data on petitioner's phone, including GPS data. When the State moved for the admission of images of files found on petitioner's phone, petitioner objected on relevancy grounds. The State explained that the images and timestamps on them would "put time and location to some of the allegations in this case." The court overruled petitioner's objection. Corporal Funk then testified to GPS location data extracted from the phone that placed petitioner's phone near Diesel Avenue at the time of the shooting on May 28, 2020, and shows it traveling back toward petitioner's home immediately after. Petitioner cross-examined Corporal Funk on the GPS evidence.

At the conclusion of the State's case-in-chief, the court granted petitioner's motion for judgment of acquittal of Counts One through Four (related to the March 29, 2020, conduct). Following the jury's deliberations, petitioner was acquitted of Counts Five through Nineteen (encompassing the April 1, 2020, conduct and one count of the May 28, 2020, conduct), but found guilty of Counts Twenty through Forty-Two (conduct occurring on May 28, 2020), leaving him convicted of one count each of attempted murder, conspiracy to commit murder, and conspiracy to commit wanton endangerment, and twenty counts of wanton endangerment. Petitioner was sentenced in accordance with the statutorily prescribed indeterminate terms of incarceration for attempted murder and conspiracy and to determinate four-year terms for each wanton endangerment conviction, and his sentences were ordered to run consecutively. Petitioner now appeals the court's January 31, 2022, sentencing order.

In petitioner's first assignment of error, he argues—for the first time—that the State did not provide the GPS location data extracted from his cell phone and described in Corporal Funk's testimony. Petitioner claims that he was surprised by the nondisclosure and that it hampered his ability to prepare for trial. Petitioner never raised the alleged discovery violation below, however; he lodged an objection only to the evidence's relevance.[3]

> To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace . . . .

---

[2] Because he was on the lam, petitioner's brother was not tried with petitioner.

[3] We also note that although petitioner did not include his posttrial motions in the appendix record, the transcript of his argument on those motions does not include any references to Corporal Funk's testimony or the cell phone evidence elicited during it.

*State v. Costello*, 245 W. Va. 19, 26, 857 S.E.2d 51, 58 (2021) (quoting *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 216, 470 S.E.2d 162, 170 (1996)). Indeed, "the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely." *Id.* And where legal theories are not raised below, they "cannot be broached for the first time on appeal." *Id.* (quoting *State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996)). "We have invoked this principle with a near religious fervor," and we continue to adhere to it here.[4] *Id.* Having not objected below with sufficient distinctiveness on the ground now argued, petitioner cannot raise this claim on appeal.

Next, petitioner asserts that his sentence is grossly disproportionate, claiming that it amounts to a life sentence. He also challenges his sentence on disparity grounds, noting that his brother received a lesser sentence. "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). The sentences for the crimes of which petitioner was convicted have fixed maximum sentences, and he did not receive a life recidivist sentence. Petitioner has also not argued that his sentences were based on an impermissible factor. As a result, his sentences are not reviewable. *See* Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Petitioner's disparate sentence claim is likewise unavailing. "Disparate sentences for codefendants are not per se unconstitutional," Syllabus Point 2, in part, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984), and where there have been "guilty pleas and subsequent convictions to two separate and distinct offenses by the appellant and the codefendant," we have found a disparate sentence claim "untenable." *State v. Watkins*, 214 W. Va. 477, 481, 590 S.E.2d 670, 674 (2003). Petitioner's brother—who was not a defendant at petitioner's trial and was not alleged to have participated in the March 29, 2020, conduct—entered into a plea agreement to resolve charges in three separate cases, and he stands convicted of possession of a firearm by a prohibited person, conspiracy to commit wanton endangerment, and failure to appear. In other words, petitioner's brother has been convicted of largely separate and distinct offenses following his entry into a plea agreement, so petitioner and his brother are not similarly situated. Accordingly, as was the case in *Watkins*, this claim is untenable.

Finally, petitioner argues that the court erred in denying his motion to sever, a decision we review for an abuse of discretion, Syllabus Point 3, *State v. Hatfield*, 181 W. Va. 106, 380 S.E.2d 670 (1988), and one that will not be reversed absent a showing that the court's "exercise of its discretion was clearly wrong." *State v. Rash*, 226 W. Va. 35, 40, 697 S.E.2d 71, 76 (2010) (citation omitted). In support of this assignment of error, petitioner points to *State v. Eye*, 177 W. Va. 671, 355 S.E.2d 921 (1987), where the Court found error in the trial court's joint trial of indictments that were unrelated to one another and not part of a common scheme or plan. *Id.* at 673, 355 S.E.2d at 923. The Court recognized in *Eye* that joinder of offenses may be prejudicial "because the jury may tend to cumulate the evidence of various offenses and convict the defendant on all offenses

---

[4] Further, where errors are not raised below, "the assignment of error must be phrased in such a fashion as to alert . . . the Supreme Court to the fact that plain error is asserted." W. Va. R. App. P. 10(c)(3). Petitioner has not asserted plain error.

charged on the theory he is a bad individual rather than weigh the evidence separately on each offense." *Id.* (quoting *State v. Mitter*, 168 W. Va. 531, 543, 285 S.E.2d 376, 383 (1981)).

Notably, petitioner was acquitted of all charges related to April 1, 2020, and one charge related to the May 28, 2020, conduct. Petitioner's pointing to a danger that clearly did not manifest renders *Eye* of little support for his claim of prejudice. *See Rash*, 226 W. Va. at 46, 697 S.E.2d 82 (finding no error in the trial court's denial of a motion to sever due to the defendant's inability to establish prejudice where the potential for the jury to misuse evidence and infer a criminal disposition was not realized as evidenced by the defendant's acquittal of certain charges). Furthermore, the court, identifying the similarities between the charged crimes, found that evidence of each would come in at separate trials—a finding petitioner does not challenge on appeal. Although petitioner has not proved prejudice, we have held that "[a] defendant is not entitled to relief from prejudicial joinder pursuant to Rule 14 of the West Virginia Rules of Criminal Procedures when evidence of each of the crimes charged would be admissible in a separate trial for the other." Syl. Pt. 2, *State v. Milburn*, 204 W. Va. 203, 511 S.E.2d 828 (1998). We, therefore, find no basis to conclude that the court abused its discretion in denying petitioner's motion to sever.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn