556 S.E.2d 812

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**James Howard KEARNS, Defendant Below, Appellant.**

**No. 29104.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 2, 2001.

Decided Nov. 26, 2001.

Darrell V. McGraw, Jr., Attorney General, Esther T. Van Dall, Assistant Attorney General, Charleston, for Appellee.

Gregory A. Elam, Esq., Nancy C. Ulrich, Esq., Ronald L. Reece, Esq., Public Defender Corporation, Clarksburg, for Appellant.

PER CURIAM.

This is an appeal by James Howard Kearns from an order of the Circuit Court of Harrison County sentencing him to from two to ten years in the State Penitentiary for the sexual assault of his estranged spouse, and to an additional one year for the battery of his spouse. On appeal, he claims that the State failed to provide him with a prior inconsistent statement made by his estranged spouse, and that the withholding of the statement deprived him of a fair trial.

## I.

## FACTS

The appellant in this case was indicted for a number of crimes including the sexual assault of his spouse. During his subsequent trial, his estranged spouse testified that while she was taking the parties' son to school on March 31, 1999, the appellant broke into and concealed himself in her trailer, which had been the parties' former marital residence. Later, after her return, he appeared and forced her, against her will, to have sexual relations with him.

On cross-examination, the appellant's former spouse was questioned about whether the appellant had visited her at the trailer on other occasions between the time of their separation and the time of the assault—the clear implication of the questioning being that she had consented to his visiting her. She stated that, except for visiting her at her invitation on the night of their separation, he had not been to the trailer except to drop their son off. The testimony proceeded as follows:

Q. Well, excepting this one time [on the night of separation], to visit at your request, you're saying he never came and visited and you never had him hide, park the car behind the shed or in the woods so that nobody would know he was there?

A. He came out one time invited, sir.

At the conclusion of the trial, the jury found the appellant guilty of sexual assault of his spouse and battery.

After the conclusion of the trial involving his estranged wife, a hearing was conducted in another case involving unrelated charges against the appellant. During that hearing, the appellant's estranged spouse again testified. As a result of her testimony at that hearing, it became apparent that she had told investigating officers that the appellant had visited her trailer on March 23 or March 24, 1999, approximately a week before the alleged assault upon her by the appellant—and sometime after their separation. This testimony was, of course, contrary to what she had said at the appellant's trial.

After learning of the prior inconsistent statement, and after learning that the State had failed to produce it prior to the appellant's trial, counsel for the appellant filed an amended motion to set aside the verdict and to enter either a judgment of acquittal for the appellant or to grant him a new trial on the ground that the statement by his estranged wife was inconsistent with her testimony at trial and was exculpatory and should have been disclosed by the prosecution. The trial court conducted a hearing on the motion, and, in spite of the fact that the State admitted to having the statement, and even to advising the appellant's estranged wife not to mention it, the court denied the motion.[1]

In the present appeal, the appellant contends that the trial court should have granted a new trial because of the failure of the State to produce the inconsistent statement.

## II.

## STANDARD OF REVIEW

In *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999), this Court indicated that a circuit court's factual findings should be reviewed under a clearly erroneous standard

---

1. During the hearing, the prosecutor stated:

That information didn't become known to the State until very late in the preparation of the case. As a result of that I had instructed Ms. Kearns [the appellant's estranged wife] that since we were not able at that point—we were basically on the eve of trial for all intents and purposes and I had instructed her at that time ... that she was simply not to mention that and as a result of that she didn't mention that ....

and that questions of law are subject to *de novo* review.

## III.

### DISCUSSION

■ In *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that the prosecution's suppression of material evidence favorable to an accused upon request violates due process of law. In the later case of *State v. Hatfield,* 169 W.Va. 191, 286 S.E.2d 402 (1982), this Court discussed, and followed, the principals set forth in *Brady v. Maryland, supra.* In Syllabus Point 4 of *State v. Hatfield, id.,* the Court specifically held that: "A prosecution that withholds evidence which if made available would tend to exculpate an accused by creating a reasonable doubt as to his guilt violates due process of law under Article III, Section 14 of the West Virginia Constitution."

In the subsequent case of *State v. Hall,* 174 W.Va. 787, 329 S.E.2d 860 (1985), the Court concluded that failure of the State to disclose a prior inconsistent statement made by one of the prosecution's witnesses violated due process of law where the statement was inconsistent with the witness's trial testimony, where the witness's credibility was the most important issue in the case, and where a reasonable doubt might have been created by impeachment of that witness.

■ In the case presently before the Court, the principal charge against the appellant was that he had sexually assaulted his estranged wife. A critical issue in the case was whether the estranged wife had been forced to engage in sexual acts against her will. The principal evidence adduced by the State to support the claim that the estranged wife had been forced to engage in sexual acts against her will was the testimony of the estranged wife herself. In this Court's view, the credibility of the estranged wife's testi-

mony potentially affected the jury's conclusion as to whether she was or was not forced to act against her will. The credibility of her testimony was obviously very material, and impeachment of her testimony could potentially have affected the outcome of the case, particularly in view of the fact that the thrust of the defense's questioning suggested that the appellant might have been at his estranged wife's trailer at her invitation.

In view of the clear contradictory nature of the non-disclosed statement and its potential impact of its revelation to the jury might have had on the assessment of the credibility of the estranged wife's testimony, this Court believes that the State's withholding of the statement did violate the appellant's constitutional rights, and, as the Court indicated in *State v. Hall, id.,* the Court believes that in light of this, the appellant should be granted a new trial.

The Court notes that in addition to claiming that the trial court should have granted him a new trial because of the State's failure to produce the inconsistent statement, the appellant claims that the court should have stricken a member of the jury panel because the juror had knowledge of another case pending against him. Because the Court has already determined that the appellant is entitled to a new trial, and because a new jury will have to be selected for the new trial, the Court believes that it is unnecessary to discuss the juror issue.

For the reasons stated, the judgment of the Circuit Court of Harrison County in the present case is reversed, and the appellant is awarded a new trial.[2]

Reversed and remanded.

---

**2.** While the Court has not considered the issue in deciding this case, the Court is quite concerned over the fact that the prosecutor advised his witness, the appellant's estranged wife, not to mention the fact that the appellant has visited her trailer approximately a week before March 31, 1999.

The obvious purpose of a trial is to elicit the truth, and the Court is concerned that the prompting here might have tended to suppress the truth.