664 S.E.2d 133

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Owen HAWK, III, Defendant Below, Appellant.**

No. 33435.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 2008.

Decided April 7, 2008.

Darrell V. McGraw, Jr., Attorney General, R. Christopher Smith, Assistant Attorney General, Charleston, WV, for Appellee.

Teresa C. Monk, Spencer, WV, for Appellant.

PER CURIAM.

This is an appeal by Owen Hawk, III, (hereinafter "Appellant") from a September 28, 2006, order of the Circuit Court of Roane County sentencing the Appellant to a term of one to five years in the state penitentiary upon his conviction by a jury of one count of fleeing from an officer in a vehicle while under the influence of alcohol, in violation of West Virginia Code § 61–5–17(i) (2001) (Repl.Vol.2005). The Appellant maintains that the lower court erred by failing to grant a continuance upon a notice of a late disclosure by the State. Upon thorough review of the record, the arguments of counsel, and applicable precedent, this Court finds that the lower court committed no reversible error. We therefore affirm the decision of the lower court.

I. Factual and Procedural History

On December 9, 2005, as Roane County Sheriff Todd Cole was seated in his parked police cruiser in the courthouse lot in Spencer, West Virginia, Sheriff Cole observed an automobile traveling in the wrong direction on a one-way street. The vehicle's headlights were not illuminated. Sheriff Cole immediately followed the vehicle and turned on his blue lights. The vehicle allegedly gained speed as Sheriff Cole pursued it, and Sheriff Cole radioed for assistance from other police officers. Officer Roger Simons responded, positioning his police cruiser in front of the pursued vehicle and turning his cruiser sideways to stop the vehicle. The vehicle struck the police cruiser and three parked cars. The driver of the vehicle, later determined to be the Appellant, did not respond to police requests to exit the car. Because the driver's door was blocked by the collision, officers pulled the Appellant out of the passenger window. It is the Appellant's contention that he was pushed head first into the pavement as the officers pulled him from the wrecked vehicle.

The Appellant failed a breath test administered at the scene and was transported to the police barracks. The Appellant refused to take a chemical intoxilyzer test at the state police detachment, and he was thereafter transported to Roane County Emergency Center for evaluation of a head wound. During subsequent transportation to the regional jail, the Appellant contends that Roane County Sheriff deputies allowed him to fall into the back windshield of the police cruiser with enough force to shatter the glass.[1] The Appellant contends that Mr. John Phillips, another arrestee not occupying the same vehicle, may have observed this alleged police

---

1. The regional jail refused to accept the Appellant until he was medically cleared through Braxton General Hospital. Subsequent to such medical clearance, the Appellant was incarcerated.

behavior and may have been able to testify regarding the Appellant's level of intoxication. However, Mr. Phillips' identity was not disclosed by the State until the police report containing such information was slipped under defense counsel's door the night before trial.

Defense counsel moved for a continuance based upon the late disclosure of the existence and identity of Mr. Phillips. Although the State did not object to the requested continuance, the lower court held a conference on the issue and concluded that Mr. Phillips was not a material witness to the issues underlying the charges and did not witness anything until after the Appellant's refusal to take the Intoxilyzer. The lower court further found that the State was not under an obligation to disclose Mr. Phillips' identity.

Subsequent to a jury trial, the Appellant was convicted of one count of fleeing from an officer while under the influence of alcohol. He presently appeals that conviction, maintaining that the lower court violated his rights by failing to grant a continuance upon notice of a late disclosure of potentially exculpatory evidence under the standards of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982). The Appellant further contends that Mr. Phillips could potentially have been a witness to the Appellant's level of intoxication and the police actions toward him. The Appellant also maintains that the lower court violated his rights by failing to require the State to produce all *Brady* material prior to trial in a timely manner.

## II. Standard of Review

 This Court has previously held that a claim of a violation of *Brady* and *Hatfield* presents "mixed questions of law and fact." *State v. Youngblood*, 221 W.Va. 20, 26, 650 S.E.2d 119, 125 (2007). Consequently, the "circuit court's factual findings should be reviewed under a clearly erroneous standard and ... questions of law are subject to *de novo* review." *State v. Kearns*, 210 W.Va. 167, 168–69, 556 S.E.2d 812, 813–14 (2001). In syllabus point four of *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996),

this Court also expressed that standard of review, as follows: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed de novo."

## III. Discussion

 The standards enunciated in *Brady* have been exhaustively addressed by this Court, and we recently held as follows in syllabus point two of *Youngblood*:

There are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either will fully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

221 W.Va. at 22, 650 S.E.2d at 121. With respect to the requirement of exculpatory or impeachment evidence, the Appellant emphasizes that the evidence at issue need not totally exculpate a defendant. Rather, the *Hatfield* opinion suggests that the evidence must simply "tend to exculpate" him. *Hatfield*, 169 W.Va. at 205, 286 S.E.2d at 411.

 In syllabus point one of *Youngblood*, this Court also specified that an investigator's knowledge of evidence is imputed to the prosecutor, as follows:

A police investigator's knowledge of evidence in a criminal case is imputed to the prosecutor. Therefore, a prosecutor's disclosure duty under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982) includes disclosure of evidence that is known only to a police investigator and not to the prosecutor.

*See also State v. Farris*, 221 W.Va. 676, 656 S.E.2d 121 (2007).

In the present case, the evidence in question was provided to the defense on the

evening prior to trial and was discovered by defense counsel under her office door on the morning of trial. A request for a continuance, to which the State did not object, was denied by the lower court. Pursuant to the formula presented in *Youngblood,* this Court must now determine the following: (1) whether the evidence at issue is favorable to the Appellant as exculpatory or impeachment evidence; (2) whether it was intentionally or inadvertently suppressed by the State; and (3) and whether it is material, its absence thereby prejudicing the defense at trial.

The Appellant contends that the existence and identity of Mr. Phillips, as another arrestee being transported by the police, has potential exculpatory or impeachment value to the Appellant. Mr. Phillips was present during a transfer of the Appellant at which the Appellant asserts that he was subjected to police mistreatment. Further, a key component of the Appellant's argument has consistently been that he was not intoxicated. Thus, he contends that he could potentially have used the testimony of Mr. Phillips, had he known his identity, to support his argument that he was not intoxicated and that the police treated him improperly.

Based upon this Court's examination of the record, we believe that the identity of Mr. Phillips could potentially have been determined to be favorable to the Appellant in this case, either as exculpatory or as impeachment evidence, or both. However, Mr. Phillips did not provide any statement regarding his observations of the Appellant or the police treatment of the Appellant. Thus, any attempt to determine the level of exculpatory or impeachment value of the evidence would be mere speculation. It is impossible for this Court to ascertain whether the evidence would have been of an exculpatory or impeachment nature.

Even assuming, however, that such evidence could potentially have had such value, our evaluation of the remaining *Brady/Youngblood* factors[2] renders such determination moot based upon this Court's conclusion that the evidence in question was not a material element of evidence, the absence of which prejudiced the Appellant. It is upon this final component of the *Brady/Youngblood* analysis that the Appellant's argument wholly fails. The third component requires that "the evidence must have been material, i.e., it must have prejudiced the defense at trial." *Youngblood,* 221 W.Va. at 29, 650 S.E.2d at 128. As this Court observed in *Youngblood,*

This Court has recognized, along with the United States Supreme Court, that " '[t]he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine the confidence in the outcome.' " *State v. Fortner,* 182 W.Va. 345, 353, 387 S.E.2d 812, 820 (1989) (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)).

*Id.* at 32, 650 S.E.2d at 131. The Appellant is required to demonstrate that "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict" *Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); *see also Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (holding that reversal is not required where undisclosed evidence was possibly useful to the defense but not likely to have changed the verdict). Additionally, the suppressed evidence "must be evaluated in the context of the entire record." *United States v. Agurs,* 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed.2d 342.[3]

---

**2.** The second component of the *Brady/Youngblood* analysis requires that "the evidence must have been suppressed by the State, either willfully or inadvertently." *Youngblood,* 221 W.Va. at 22, 650 S.E.2d at 121. The record is clear that the evidence was not provided to the defense until the evening prior to trial. Thus, we find that the second component is satisfied.

**3.** Other jurisdictions examining the materiality issue have arrived at similar conclusions, based upon the *Brady* requirements. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Hampton v. State,* 86 S.W.3d 603, 612 (Tex.Crim. App.2002) (quoting *Agurs,* 427 U.S. at 109–10, 96

As examined above, the Appellant alleged that Mr. Phillips could potentially have substantiated the Appellant's contention that the law enforcement officers committed acts of brutality against him and that he was not intoxicated. The circuit court justifiably conducted a conference on the issue of the disclosure of Mr. Phillips' identity prior to trial, and it was determined that Mr. Phillips was not present during the alleged commission of the crime for which Appellant was charged, fleeing in a vehicle while under the influence of alcohol. Further, Mr. Phillips was not present when the Appellant refused to take the intoxilyzer test Nor was Mr. Phillips placed in the same car as the Appellant. Mr. Phillips' presence was limited to the observation of the Appellant when Deputies linger and King were exchanging arrestees with Deputy Knapp before the Appellant was transferred to the regional jail. Based upon the foregoing findings, the lower court denied the motion for a continuance, finding that Mr. Phillips was not a material witness.

During trial, extensive evidence was presented indicating that the Appellant was under the influence of alcohol. Sheriff Cole indicated that he had found a half empty bottle of rum in the driver's side floorboard and had noticed that the Appellant had red, glassy eyes, smelled of alcohol, and was walking with impairment. Deputy Knapp noticed that the Appellant had an odor of alcohol on his breath and administered the preliminary breath test which Appellant failed. Harry Reger, present in the police car into which the Appellant was initially placed prior to transport, also noted that the Appellant had alcohol on his breath and looked as if he had been drinking. Additionally, Sheriff Cole, Deputy Knapp, Deputy Unger, and Patrolman Mertz all testified that they did not observe any law enforcement personnel hit, strike, or otherwise abuse the Appellant from the time of his arrest to his delivery to the regional jail.

Examining the evidence within the totality of the record, we do not find that the result of the proceeding would have been different if the evidence had been disclosed to the defense in a timely fashion. *See Fortner,* 182 W.Va. at 353, 387 S.E.2d at 820. The favorable evidence, if it had been presented as such, would not have been sufficient to place the whole case in "such a different light as to undermine confidence in the verdict." *Kyles,* 514 U.S. at 435, 115 S.Ct. 1555. Accordingly, we find that the third component of the *Brady/Youngblood* analysis has not been met and that the decision of the lower court should be affirmed.

Based upon the foregoing, we affirm the determination of the lower court.

Affirmed.

S.Ct. 2392). The salient inquiry focuses upon whether the non-disclosure of evidence undermines confidence in the jury's ultimate verdict. *See, e.g., United States v. Gil,* 297 F.3d 93, 103 (2d Cir.2002) ("We assess materiality or prejudice in light of the trial evidence. Where the evidence against the defendant is ample or overwhelming, the withheld *Brady* material is less likely to be material than if the evidence of guilt is thin."); *see also State v. Hammond,* 221 Conn. 264, 604 A.2d 793, 807 (1992) (observing appropriateness of deference to finding of trial court on claim of possible *Brady* violation because of "difficulty inherent in measuring the effect of nondisclosure in the course of a lengthy trial with many witnesses and exhibits . . . ." [internal quotation marks omitted] ).