# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Thomas B.,
**Plaintiff Below, Petitioner**

**vs.)  No. 18-0980** (Marion County CC-24-2011-C-320)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Defendant Below, Respondent**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas B., by counsel Justin Gregory, appeals the Circuit Court of Marion County's October 3, 2018, order denying his petition for writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Benjamin F. Yancey, III, submitted a response.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested on January 5, 2007, and charged with three counts of sexual abuse by a parent, guardian, or custodian and three counts of incest. Petitioner and his family retained Charles E. Anderson as petitioner's attorney. On January 11, 2007, the following additional charges were added: nineteen counts of sexual abuse by a parent, guardian or custodian; seven counts of incest; seven counts of sexual assault; and eight counts of use of obscene matter with intent to seduce a minor. On January 19, 2007, petitioner waived his preliminary hearing based upon the advice of his counsel. On February 5, 2007, petitioner was indicted by the grand jury in a forty-four count indictment with the following: seven counts of sexual assault in the first-degree; fourteen counts of sexual abuse by a parent, guardian, or custodian; fourteen counts of incest; seven counts of sexual assault in the second-degree; and two counts of use of obscene matter with intent to seduce a minor.

Petitioner was tried before a jury in April and May of 2008. The jury found petitioner guilty

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

of all counts, with the exception of one count of use of obscene matter with intent to seduce a minor. Petitioner was sentenced to confinement in a state penitentiary for not less than fifteen nor more than thirty-five years for each of seven counts of sexual assault in the first-degree; not less than ten nor more than twenty years for each of seven counts of sexual abuse by a parent, guardian, or custodian; not less than five nor more than fifteen years for each of seven counts of incest; not less than ten nor more than twenty-five years for each of seven counts of sexual assault in the second-degree; not less than ten nor more than twenty years for each of seven counts of sexual abuse by a parent, guardian, or custodian; not less than five nor more than fifteen years for each of seven counts of incest; and not more than five years for the count of use of obscene matter with intent to a seduce minor.[2] The circuit court denied petitioner's request for home confinement and refused to consider probation as an alternative sentence.

Petitioner appealed his conviction to this Court in Appeal No. 090275, but that petition was refused by this Court by order entered on June 3, 2009. Pursuant to petitioner's request, the circuit court then appointed habeas counsel for petitioner, Robyn Babineau. However, on November 17, 2009, petitioner filed a petition for writ of habeas corpus without the assistance of counsel. On May 14, 2010, Ms. Babineau filed a motion to withdraw as counsel, and the circuit court entered an order substituting attorney Heidi M. George Sturm to represent petitioner. On October 25, 2011, Ms. Sturm filed a letter with the circuit court wherein she informed petitioner that after reviewing his case she did not believe he had a valid claim for habeas corpus relief. On November 27, 2011, petitioner filed a second habeas corpus petition before the circuit court without the assistance of counsel. On November 28, 2011, the circuit court permitted Ms. Sturm to withdraw as habeas counsel.

On November 29, 2011, petitioner filed a petition for a writ of mandamus with this Court, which was refused on March 23, 2012, as moot. The circuit court entered an order commencing an omnibus proceeding, and it appointed attorney D. Conrad Gall as petitioner's habeas counsel. Mr. Gall filed an amended habeas petition on December 14, 2011. On January 3, 2012, the circuit court entered an order substituting habeas counsel and appointing Shirley L. Stanton as counsel. On June 18, 2013, petitioner filed a motion for replacement of habeas counsel without the assistance of counsel. The circuit court entered an order substituting attorney Justin Gregory as petitioner's habeas counsel, and on November 29, 2016, Mr. Gregory filed an amended petition for writ of habeas corpus on petitioner's behalf. In that petition, petitioner raised the grounds of ineffective assistance of counsel, improper and prejudicial comments at closing by the prosecutor, and preserved grounds raised as set forth in *Losh*.[3]

Omnibus hearings were scheduled in 2017, but they were all continued. On September 1, 2017, the State filed its response to the amended petition. On March 27, 2018, the circuit court conducted an omnibus hearing on the petition, including taking testimony from petitioner's trial counsel, Mr. Anderson; petitioner; victims A.B. and B.B.; and Renee Harris, a psychologist. At

---

[2] Because all sentences are to run consecutively, petitioner's effective sentence is 390 to 915 years.

[3] *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

the conclusion of the hearing, the circuit court gave petitioner's counsel sixty days to submit proposed findings of fact and conclusions of law. Mr. Gregory filed petitioner's *Losh* list on April 26, 2018, asserting twelve grounds: trial court lacked jurisdiction; prejudicial pre-trial publicity; consecutive sentences for the same transaction; suppression of helpful evidence by prosecutor; ineffective assistance of counsel; excessiveness or denial of bail; no preliminary hearing; constitutional errors in evidentiary rulings; prejudicial statements by the trial judge; prejudicial statements by the prosecutor; more severe sentence than expected; and excessive sentence.

On May 29, 2018, Mr. Gregory filed a second amended petition for writ of habeas corpus, and the State filed its response on June 8, 2018. The circuit court received the State's proposed findings on June 15, 2018, and Mr. Gregory's proposed findings on June 29, 2018. The circuit court entered its "Opinion/Final Order Denying Relief Sought in Petition for Writ of Habeas Corpus" on October 3, 2018, setting forth detailed findings of fact and conclusions of law. The circuit court specifically addressed each of petitioner's twelve alleged errors. It found that petitioner failed to set forth a factual analysis, legal argument, or present any evidence to support his contention that the trial court lacked jurisdiction. It also found that the record was devoid of any evidence that petitioner was prejudiced by any pre-trial publicity, including quoting portions of the jury voir dire.

The circuit court next considered petitioner's ineffective assistance of counsel claims based on various theories. The circuit court ultimately found that

[w]ith regard to all ten of [petitioner's] claims for ineffective assistance of counsel, . . . [petitioner] has failed to meet the standard set forth in the Strickland/Miller test.[4] In regard to the first prong, there is no evidence before the [c]ourt sufficient to overcome the presumption that the efforts, acts, or omissions of [trial counsel] fell outside the bounds of reasonable professional assistance. In regard to the second prong, there is no evidence before the [c]ourt to establish a reasonable probability that, but for counsel's errors, the results of the proceedings would have been different.

While petitioner contended that the prosecutor made improper comments on three occasions during her closing argument, the circuit court found that her arguments were based on the evidence and any inferences reasonably derived therefrom failed to satisfy the four-factor test set forth in *Sugg*.[5] Petitioner appeals from the denial of his second amended petition for writ of habeas corpus.

We review the circuit court's denial of petitioner's second habeas petition as follows:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

[5] *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995).

the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner sets forth seven assignments of error. However, we will address only the first two assignments of error because petitioner failed to set forth argument as to the remaining assignments of error.[6]

At the outset, petitioner asserts that the circuit court erred in finding that his claim of ineffective assistance of counsel is without merit. In this assignment of error, he sets forth ten subparts. With regard to ineffective assistance of counsel claims, this Court has long held as follows:

> 2. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> 3. "In deciding ineffective . . . assistance [of counsel] claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syllabus point 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

> 4. "In reviewing counsel's performance, courts must apply an objective

---

[6] The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. In addition, we have long warned that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State, Dept. of Health and Human Resources v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

4

standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syllabus point 6, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

Syl. Pts. 2, 3, and 4, *Coleman v. Binion*, 242 W. Va. 1, 829 S.E.2d 1 (2019).

Petitioner contends that his counsel was ineffective because counsel failed to request the severance of the various charges against him. As a result, he asserts that it is "highly conceivable" that the jury convicted him because it concluded that he was a bad person due to the accumulation of evidence against him. Without citing any authority, he contends that the average juror will not ignore the evidence of one crime when considering guilt or innocence regarding another. He speculates that if the trial court had granted a motion to sever, the evidence of each of the crimes may not have been admissible in the various separate trials.

Rule 8(a)(1) of the West Virginia Rules of Criminal Procedures provides that "[t]wo or more offenses may be charged in the same indictment . . . in a separate count for each offense if the offenses charged . . . are of the same or similar character." Further, "[t]he decision to grant a motion for severance . . . is a matter within the sound discretion of the trial court." Syl. Pt. 3, in part, *State v. Hatfield*, 181 W. Va. 106, 380 S.E.2d 670 (1988). We agree with the State's contention that all of petitioner's offenses are of the same or similar character, as they all arose from petitioner's sexual molestation of his two minor children over a period of approximately one year. Trial counsel testified during the omnibus hearing that he did not request severance because the charges were interconnected. In addition to the standards set forth above, we have found that

"[w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syllabus point 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).

*Coleman* at __, 829 S.E.2d at 6, syl. pt. 8. In the instant case, considering the factors set forth in *Strickland/Miller* and *Coleman*, we find that counsel's failure to move to sever does not constitute ineffective assistance of counsel.

Petitioner next argues that the circuit court erred in finding that counsel was not ineffective for failing to request a change of venue due to what he characterizes as "significant pretrial publicity." He contends that individual jurors indicated that they had "read . . . the information that was put out by the media" and had "seen the headlines." Petitioner argues that due to the prejudicial pre-trial publicity in Marion County, he had a significant interest in obtaining a change of venue. Rule 21(a) of the West Virginia Rules of Criminal Procedure provides that

[t]he circuit court upon motion of the defendant shall transfer the proceedings as to

5

that defendant to another county if the circuit court is satisfied that there exists in the county where the prosecution is pending so great a prejudice against the defendant that he or she cannot obtain a fair and impartial trial at the place fixed by law for holding the trial.

Further, this Court has found that

"[o]ne of the inquiries on a motion for a change of venue should not be whether the community remembered or heard the facts of the case, but whether the jurors had such fixed opinions that they could not judge impartially the guilt or innocence of the defendant." Syl. Pt. 3, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Syl. Pt. 11, *State v. Payne*, 239 W. Va. 247, 800 S.E.2d 833 (2016).

In the instant matter, during the omnibus hearing trial counsel testified that while there was some pretrial publicity "there wasn't a lot." As the habeas court found, during jury selection only two jurors from the twenty-four selected disclosed seeing or reading something about petitioner's case in the media. However, upon further questioning, both of those jurors told the court that the media coverage would not cause them to favor or disfavor either side and both stated that they could be fair and impartial if selected to serve on the jury. In addition, trial counsel testified, based upon his more than forty years of practicing law in Marion County, that he did not believe there was enough publicity to warrant a change of venue. Petitioner has failed to produce any evidence of prejudice caused by his counsel's failure to move for a change of venue. Therefore, it is clear that any alleged ineffective assistance of counsel on this ground does not satisfy the *Miller/Strickland* test.

Petitioner asserts that his counsel was ineffective because he failed to call a material witness, social worker Norma Sosa. According to petitioner, Ms. Sosa's investigation revealed that until law enforcement became involved, the alleged victims consistently denied allegations of sexual abuse against them by petitioner. However, he fails to cite to the record to support that contention. He argues that Ms. Sosa's testimony would "tend to impeach the testimony of the alleged victims and create a reasonable doubt in the minds of the jurors." This Court has held that "[w]hat defense to carry to the jury, what witnesses to call, and what method of presentation to use is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *State v. Miller*, 194 W. Va. 3, 16, 459 S.E.2d 114, 127 (1995). Further, "where the failure to call a witness is not due to dereliction on the part of counsel, there is no ineffective assistance." *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 328-29, 465 S.E.2d 416, 430-31 (1995). Petitioner's trial counsel testified during the omnibus hearing that he and petitioner discussed the various witnesses they intended to call but that petitioner "had the final say as to whether [counsel] called one or not. If he said he didn't think one should be called, then we didn't call them. But, as I recall, we addressed that issue with another witness about [Ms.] Sosa's opinions." In light of these standards and trial counsel's testimony we concur with the habeas court's finding that

[e]ven assuming [trial counsel's] performance was not reasonable in light of the circumstances, due to the fact that the jury was made aware of the victims' prior

6

denials of sexual abuse, [petitioner] has not met his burden that, but for [counsel's] alleged deficiency, the outcome of the case would have been different.

Petitioner next contends that his trial counsel was ineffective because he failed to cross-examine the State's witness and offer impeachment evidence. Without citing to the record, petitioner argues that he had reason to believe that his ex-wife, Trina B., encouraged the victims to falsify reports of sexual abuse by petitioner, quoting her as saying, "If I can't have him, he can spend the rest of his life in prison." Petitioner asserts that his trial counsel failed to ask Trina B. about that statement during cross-examination despite having knowledge of the same. Again, he asserts that but for this error the jury would have reached a different result. In *Daniel*, this Court found that "[t]he method and scope of cross-examination 'is a paradigm of the type of tactical decision that [ordinarily] cannot be challenged as evidence of ineffective assistance of counsel.'" 195 W. Va. at 328, 465 S.E.2d at 430. Further, "[t]he strong presumption that counsel's actions were the result of sound trial strategy . . . can be rebutted only by clear record evidence that the strategy adopted by counsel was unreasonable." *State v. LaRock,* 196 W. Va. 294, 309, 470 S.E.2d 613, 628 (1996) (citation omitted).

During the omnibus hearing, petitioner's habeas counsel asked trial counsel why he did not use Trina B.'s alleged statement to call her credibility into question. He responded, "Because I didn't think that she had anything to do with the stories that the children were telling. He and his wife were having problems . . . And it's not unusual to hear those kinds of quotes in parties who are involved in a divorce action." As part of his further explanation, counsel testified that he "didn't think that her testimony or asking her about that question would affect the outcome of the case." In addition, as the circuit court found,

> [b]esides what was contained in his [habeas] petition, [petitioner] submitted no other evidence to corroborate his claim. . . . [T]he victims' later disclosures of sexual abuse were not proven to be false and were corroborated by the findings of pornographic videos, testimony of mental health professionals, and other evidence admitted at trial.

Therefore, we find that the circuit court did not err in failing to find ineffective assistance of counsel on this ground.

Petitioner next argues that his trial counsel was ineffective because counsel failed to object to testimony regarding sexual abuse that allegedly took place outside of Marion County. In support of this three-sentence argument, petitioner cites two volumes of the appendix record without any specificity. He generically complains about witness testimony without identifying the specific testimony at issue or even the identities of the particular witnesses who provided the complained of testimony. This violates Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure's requirement that

> [t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

7

Therefore, this Court declines to address the merits of this unsupported argument.

In his sixth assertion regarding ineffective assistance of counsel, petitioner argues that his counsel was ineffective because he waived the preliminary hearing, without receiving any benefit. Without citing any authority, he asserts that the preliminary hearing was needed as a discovery tool but that trial counsel failed to utilize it, prejudicing petitioner. He contends that but for this failure, there was a reasonable probability that counsel would have been better prepared for trial, which may have led to a different result. Petitioner's argument on this issue is devoid of any citation to the record or any applicable case law, in direct contravention of Rule 10(c)(7). Further, trial counsel testified during the omnibus hearing that he believed it was beneficial to waive the preliminary hearing to gain "earlier access to everything that the prosecutor had at that time." It is clear that petitioner's argument on this issue fails to satisfy this Court's rules or the *Strickland/Miller* test.

Petitioner is also critical of his trial counsel's failure to use evidence of log books, time sheets, and pictures of petitioner's trucks to discredit the testimony of the alleged victims. Without citing to the record, petitioner contends that he supplied his trial counsel, or counsel had available to him, petitioner's log books and time sheets that could have been used to demonstrate his work schedule to the jury, which may have discredited the alleged victims. Petitioner points to B.B.'s testimony to assert that he testified there were curtains in the truck when there were not any curtains there. However, the Court has reviewed the pages of cited testimony, and B.B. did not testify that there were curtains.[7] Further, petitioner does not cite anything in the record that supports his assertion that there were no curtains, in addition to failing to point this Court to the log books and other items he argues should have been presented to the jury. Due to his failure to comply with Rule 10(c)(7), the Court again declines to address the merits of this issue further.

Petitioner further asserts that his trial counsel was ineffective because counsel "made unnecessarily prejudicial comments when describing [p]etitioner . . . ." Citing two sentences from trial counsel's opening statement, petitioner argues that those statements were "incredibly damaging . . . [as] counsel paints [p]etitioner as an immoral, repugnant individual . . . ." While petitioner relies on these two sentences, he ignores the remainder of his counsel's opening statement. That opening statement provided, in relevant part:

> How bad would it be to be charged with sexual abuse if you didn't do it[?] . . . I'm not going to stand here and tell you that my client, [Thomas B.], is the greatest guy that ever walked the earth, because, believe me, he ain't close. He has some character faults that most of us would be revolted by. He doesn't – he doesn't have any type of discretion, and he has some poor morals. But he's not guilty of this crime. . . . Now, Mr. B[] has denied it from the start. He denies it in front of you there today. And he's going to take the witness stand and deny under oath that he ever touched his children. . . . And we need you to find the facts that says [sic] that

---

[7] To the extent that petitioner is referring to B.B.'s reference to blinds in the truck as curtains, the remainder of the analysis is equally applicable.

Mr. B[] is not guilty of these charges, and that these charges were made in order to get the children back and keep them for the mother. . . .

During trial counsel's opening statement, the State objected, and the circuit court instructed jurors that counsel's statements do not constitute evidence. During the omnibus hearing, trial counsel testified that he "wanted the jury to know that beforehand so that we weren't surprised in any way and they knew up front what type of a defendant I was representing." When asked whether, at the time he made the statement, he thought that was beneficial to petitioner, trial counsel responded, "Absolutely. . . . I thought it was in his best interest that the jury know. Because I wasn't going to be able to put any character witnesses on." As set forth above, "[w]hat defense to carry to the jury. . . and what method of presentation to use is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Miller*, 194 W. Va. at 16, 459 S.E.2d at 127. Therefore, we find that petitioner's assertion of error on this ground is without merit.

In his final assertion of ineffective assistance of counsel for which petitioner sets forth argument, he contends that his counsel was ineffective because he "failed to properly explain to him the benefit of a plea offer . . . ."[8] Petitioner's brief argument on this point also fails to cite to the record. He simply asserts that prior to trial he was offered a plea which, if accepted, would have resulted in a sentence of ten to twenty years of incarceration. However, he blames trial counsel for his failure to accept the alleged offer because "[t]rial counsel failed to properly explain to [p]etitioner the strength of the State's case and possibility of receiving a sentence of a significant period of incarceration." He also faults trial counsel for allegedly failing to discuss the possibility of an *Alford/Kennedy* plea.[9] During the omnibus hearing, trial counsel was asked about the plea offer, and he informed the circuit court that he "had a plea worked out that [petitioner] was not willing to accept." When asked whether he discussed the strength of the State's case with petitioner, trial counsel responded, "Absolutely." He further testified that he discussed the possibility of an *Alford/Kennedy* plea with petitioner but the State was unwilling to accept such a plea. Based on petitioner's failure to support his argument and trial counsel's omnibus hearing

---

[8] Petitioner also asserts that the circuit court erred in finding that petitioner's "claim that but for the accumulation of errors made by trial counsel in his handling of the entire case, there exists a reasonable probability that the jury would have acquitted is without merit." Petitioner fails to set forth any argument on this issue, again in contravention of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. In addition, the cumulative error doctrine does not apply where no errors are found. *See State v. Knuckles*, 196 W. Va. 416, 473 S.E.2d 131(1996). "Cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors." *Id.* at 426, 473 S.E.2d at 141. Because we find that the circuit court did not err in denying petitioner's petition for a writ of habeas corpus on any of the grounds set forth regarding ineffective assistance of counsel, we find that petitioner's skeletal cumulative error assertion is also without merit.

[9] Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in syllabus point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

9

testimony disputing petitioner's contentions, we find that petitioner has failed to satisfy either prong of the *Strickland/Miller* test on this ground. We, therefore, conclude that the circuit court did not err in denying petitioner's petition for a writ of habeas corpus based upon his assertions of ineffective assistance of trial counsel.

Petitioner's second assignment of error is his contention that the circuit court erred in finding that his due process rights were not violated by the prosecutor's "prejudicial and improper comments during his closing argument . . . ." In support of his argument, he points to several instances where the prosecutor referred to petitioner as a "child molester" in order to convince the jury that petitioner is, in fact, a child molester who should be convicted. In addition, the prosecutor told the jury that the children "suffered far more than forty-four counts." Finally, he directs the Court to the prosecutor's direction to the jury to "consider the bravery of those children in coming in here and telling you some of the shame and guilt that they experienced . . ." Petitioner argues that the prosecutor abandoned her duty to deal fairly with the defendant and illustrated her strong desire to convict petitioner rather than to seek justice.

When addressing allegations of improper prosecutorial remarks, this Court has found as follows:

> 3. "'"A judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney . . . to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. pt. 1, *State v. Dunn*, 162 W.Va. 63, 246 S.E.2d 245 (1978), *in part*.' Syllabus Point 1, *State v. Barker*, 168 W.Va. 1, 281 S.E.2d 142 (1981)." Syl. Pt. 7, *State v. Buck*, 170 W.Va. 428, 294 S.E.2d 281 (1982).
>
> ***
>
> 7. "'Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.' Syl. Pt. 6, *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995)." Syl. Pt. 6, *State ex rel. Games-Neely v. Yoder*, 237 W.Va. 301, 787 S.E.2d 572 (2016).

Syl. Pts. 3 and 7, *State v. Berry*, 239 W. Va. 226, 800 S.E.2d 264 (2017). During the trial, both A.B. and B.B. testified regarding their sexual encounters with petitioner over approximately a one-year period. When closing arguments were made, the jury had heard testimony which, if believed, established that petitioner was a "child molester." In considering these standards, we find that the prosecutor's remarks during closing argument do not require reversal. For these reasons, the circuit court's denial of petitioner's petition for a writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

11